**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
Norman B. Blumenthal (State Bar #068687)
Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
Nicholas J. De Blouw (State Bar #280922)
Victoria Rivapalacio (State Bar #275115)
victoria@bamlawca.com
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Website: www.bamlawca.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLISON CAMPBELL, an individual, on behalf of herself, and on behalf of all persons similarly situated,<br><br><br>Plaintiff,<br><br>vs.<br><br>SKYWEST AIRLINES, INC., a Corporation,<br><br><br>Defendants. | Case No. 3:24-cv-02141-TWR-SBC<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200;<br>2. FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1;<br>3. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;<br>4. FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802; and<br>5. FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203.<br><br>**DEMAND FOR A JURY TRIAL** |

1    Allison Campbell ("PLAINTIFF"), an individual, on behalf of herself and all other

2    similarly situated current and former employees allege on information and belief, except for her

3    own acts and knowledge which are based on personal knowledge, the following.

4

5                                    **THE PARTIES**

6    1.      Skywest Airlines, Inc. ("DEFENDANT") is a Corporation that at all relevant

7    times mentioned herein conducted and continues to conduct substantial business in California.

8    2.      DEFENDANT is an airline company that provides flight services in California.

9    3.      PLAINTIFF was employed by DEFENDANT in California from August of 2023

10   to February 2, 2024. PLAINTIFF was at all times classified by DEFENDANT as a non-exempt

11   employee, paid on an hourly basis, and entitled to the legally required meal and rest periods and

12   payment of minimum and overtime wages due for all time worked.

13   4.      PLAINTIFF brings this Class Action on behalf of herself and a California class,

14   defined as all individuals who are or previously were employed by DEFENDANT in California,

15   including any employees staffed with DEFENDANT by a third party, and classified as

16   non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning

17   August 22, 2020 and ending on the date as determined by the Court (the "CALIFORNIA

18   CLASS PERIOD").

19   5.      PLAINTIFF brings this Class Action on behalf of herself and a CALIFORNIA

20   CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred

21   during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's policy and practice

22   which failed to lawfully compensate these employees. DEFENDANT's policy and practice

23   alleged herein was an unlawful, unfair and deceptive business practice whereby

24   DEFENDANT retained and continues to retain wages due to PLAINTIFF and the other

25   members of the CALIFORNIA CLASS. PLAINTIFF and the other members of the

26   CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the

27   future, relief for the named PLAINTIFF and the other members of the CALIFORNIA

28

1    CLASS who have been economically injured by DEFENDANT's past and current unlawful

2    conduct, and all other appropriate legal and equitable relief.

3         6.    The agents, servants and/or employees of the Defendants and each of them

4    acting on behalf of the Defendants acted within the course and scope of his, her or its

5    authority as the agent, servant and/or employee of the Defendants, and personally

6    participated in the conduct alleged herein on behalf of the Defendants with respect to the

7    conduct alleged herein. Consequently, the acts of each Defendant are legally attributable to

8    the other Defendants and all Defendants are jointly and severally liable to PLAINTIFF and

9    the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result

10   of the conduct of the Defendants' agents, servants and/or employees.

11

12                              **THE CONDUCT**

13        7.    Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT

14   was required to pay PLAINTIFF and CALIFORNIA CLASS Members for all their time

15   worked, meaning the time during which an employee is subject to the control of an

16   employer, including all the time the employee is suffered or permitted to work.

17   DEFENDANT requires PLAINTIFF and CALIFORNIA CLASS Members to work without

18   paying them for all the time they are under DEFENDANT's control. DEFENDANT, as a

19   matter of established company policy and procedure, administers a uniform practice of

20   rounding the actual time worked and recorded by PLAINTIFF and CALIFORNIA CLASS

21   Members, always to the benefit of DEFENDANT, so that during the course of their

22   employment, PLAINTIFF and CALIFORNIA CLASS Members are paid less than they

23   would have been paid had they been paid for actual recorded time rather than "rounded"

24   time.  Additionally,  DEFENDANT engages in the practice of requiring PLAINTIFF and

25   CALIFORNIA CLASS Members to perform work off the clock in that DEFENDANT, as a

26   condition of employment, required these employees to submit to mandatory temperature

27   checks and symptom questionnaires for COVID-19 screening prior to clocking into

28   DEFENDANT's timekeeping system for the workday. As a result, PLAINTIFF and other

CALIFORNIA CLASS Members forfeit minimum wage compensation without their time being correctly recorded and without compensation at the applicable rates. DEFENDANT's policy and practice not to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked, is evidenced by DEFENDANT's business records.

8.     During the CALIFORNIA CLASS PERIOD, DEFENDANT failed to accurately record and pay PLAINTIFF and other CALIFORNIA CLASS Members for the actual amount of time these employees worked.  Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT was required to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked, meaning the time during which an employee was subject to the control of an employer, including all the time the employee was permitted or suffered to permit this work.  DEFENDANT required these employees to work off the clock without paying them for all the time they were under DEFENDANT's control. As such, DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA CLASS were under compensated for all time worked.  As a result, PLAINTIFF and other CALIFORNIA CLASS Members forfeited time worked by working without their time being accurately recorded and without compensation at the applicable minimum wage and overtime wage rates.  DEFENDANT fails to pay minimum wages for the time worked off-the-clock in violation of Cal. Lab. Code §§ 1194, 1197, and 1197.1.

9.     From time to time, DEFENDANT also failed to provide PLAINTIFF and the other members of  the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct gross and net wages earned.  Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate.  PLAINTIFF and CALIFORNIA CLASS Members were paid on an hourly basis.  As such, the wage statements should reflect all applicable hourly rates during the pay period and the total hours worked, and the applicable

1  pay period in which the wages were earned pursuant to California Labor Code Section

2  226(a). The wage statements DEFENDANT provided to PLAINTIFF and other

3  CALIFORNIA CLASS Members failed to identify such information. More specifically, the

4  wage statements failed to identify the accurate total hours worked each pay period.  When

5  the hours shown on the wage statements were added up, they did not equal the actual total

6  hours worked during the pay period in violation of Cal. Lab. Code 226(a)(2).  Aside, from

7  the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF

8  an itemized wage statement that lists all the requirements under California Labor Code 226.

9  As a result, DEFENDANT from time to time provided PLAINTIFF and the other members

10 of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

11      10.     As a pattern and practice, DEFENDANT regularly failed to pay PLAINTIFF

12 and other members of the CALIFORNIA CLASS their correct wages and accordingly owe

13 waiting time penalties pursuant to Cal. Lab. Code Section 203. Further, PLAINTIFF are

14 informed and believe and based thereon allege that such failure to pay sick pay at regular

15 rate was willful, such that PLAINTIFF and members of the CALIFORNIA CLASS whose

16 employment has separated are entitled to waiting time penalties pursuant to Cal. Lab. Code

17 Sections 201-203.

18      11.     Pursuant to Cal. Lab. Code Section 221, "It shall be unlawful for any employer

19 to collect or receive from an employee any part of wages theretofore paid by said employer

20 to said employee."  DEFENDANT failed to pay all compensation due to PLAINTIFF and

21 other CALIFORNIA LABOR SUB-CLASS Members, made unlawful deductions from

22 compensation payable to PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members,

23 failed to disclose all aspects of the deductions from compensation payable to PLAINTIFF

24 and CALIFORNIA LABOR SUB-CLASS Members, and thereby failed to pay these

25 employees all wages due at each applicable pay period and upon termination.  PLAINTIFF

26 and members of the CALIFORNIA LABOR SUB-CLASS seek recovery of all illegal

27 deductions from wages according to proof, related penalties, interest, attorney fees and costs.

28

FIRST AMENDED CLASS ACTION COMPLAINT

12.    DEFENDANT intentionally and knowingly failed to reimburse and indemnify PLAINTIFF and the other CALIFORNIA CLASS Members for required business expenses incurred by the PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence of discharging their duties on behalf of DEFENDANT.  Under California Labor Code Section 2802, employers are required to indemnify employees for all expenses incurred in the course and scope of their employment. Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

13.    In the course of their employment PLAINTIFF and other CALIFORNIA CLASS Members as a business expense, were required by DEFENDANT to use their own personal cellular phones as a result of and in furtherance of their job duties as employees for DEFENDANT but are not reimbursed or indemnified by DEFENDANT for the cost associated with the use of their personal cellular phones for DEFENDANT's benefit. Specifically, PLAINTIFF and other CALIFORNIA CLASS Members were required by DEFENDANT to use their personal cellular phones.  As a result, in the course of their employment with DEFENDANT, PLAINTIFF and other members of the CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not limited to, costs related to the use of their personal cellular phones all on behalf of and for the benefit of DEFENDANT.

14.    Specifically as to PLAINTIFF, DEFENDANT failed to pay PLAINTIFF all minimum wages due to PLAINTIFF.

**JURISDICTION AND VENUE**

15.    This action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees of DEFENDANT pursuant to Fed R. Civ. Proc. 23(b)(2) and/or

(3). Defendant is subject to Jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

16.    Venue is proper in this Court and judicial district pursuant to 28 U.S.C. § 1391 because (i) DEFENDANT conducts and conducted substantial business within this judicial district and maintains offices in this judicial district, (ii) the causes of action alleged herein arise in whole or in part in this judicial district, and (iii) DEFENDANT committed wrongful conduct against members of this class in this district.

## THE CALIFORNIA CLASS

17.    PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, (the "UCL") as a Class Action, pursuant to Fed R. Civ. Proc. 23(b)(2) and/or (3), on behalf of a California class, defined as all individuals who are or previously were employed by DEFENDANT in California, including any employees staffed with DEFENDANT by a third party, and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning August 22, 2020 and ending on the date as determined by the Court  (the "CALIFORNIA CLASS PERIOD").

18.    To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

19.    DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to record all meal and rest breaks missed by PLAINTIFF and other CALIFORNIA CLASS Members, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permits or suffers to permit this work.

FIRST AMENDED CLASS ACTION COMPLAINT

20.     DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member was paid accurately for all meal and rest breaks missed as required by California laws.  The DEFENDANT, however, as a matter of policy and procedure failed to have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member is paid as required by law.  This common business practice is applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, (the "UCL") as causation, damages, and reliance are not elements of this claim.

21.     The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA CLASS Members is impracticable.

22.     DEFENDANT violated the rights of the CALIFORNIA CLASS under California law by:

(a)     Committing an act of unfair competition in violation of , Cal. Bus. & Prof. Code §§ 17200, (the "UCL"), by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that failed to record and pay PLAINTIFF and the other members of the CALIFORNIA CLASS for all time worked, including minimum wages owed and overtime wages owed for work performed by these employees; and,

(b)     Committing an act of unfair competition in violation of the UCL, by failing to provide the PLAINTIFF and the other members of the CALIFORNIA CLASS with the legally required meal and rest periods.

23.     This Class Action meets the statutory prerequisites for the maintenance of a Class Action pursuant to Fed R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)     The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)     Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS will apply to every member of the CALIFORNIA CLASS;

(c)     The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS.  PLAINTIFF, like all the other members of the CALIFORNIA CLASS, were classified as non-exempt employees paid on an hourly basis who were subjected to the DEFENDANT's deceptive practice and policy which failed to provide the legally required meal and rest periods to the CALIFORNIA CLASS and thereby underpaid compensation to PLAINTIFF and CALIFORNIA CLASS.  PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices.  PLAINTIFF and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive and unfair misconduct engaged in by DEFENDANT; and,

(d)     The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and have retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate.  Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all CALIFORNIA CLASS Members.

24.     In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Fed R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)    Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1)    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

2)    Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)    The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT failed to pay all wages due to members of the CALIFORNIA CLASS as required by law;

1)    With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFF seek declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief,  injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c)    Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of

California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)      The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)      Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

   A.     Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

   B.     Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)      In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action

11

1    is the only means to assert their claims through a representative; and,

2    4)    A class action is superior to other available methods for the fair

3    and efficient adjudication of this litigation because class

4    treatment will obviate the need for unduly and unnecessary

5    duplicative litigation that is likely to result in the absence of

6    certification of this action pursuant to Fed R. Civ. Proc. 23(b)(2)

7    and/or (3).

8    25.    This Court should permit this action to be maintained as a Class Action

9    pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3) because:

10    (a)    The questions of law and fact common to the CALIFORNIA CLASS

11    predominate over any question affecting only individual CALIFORNIA

12    CLASS Members because the DEFENDANT's employment practices

13    are applied with respect to the CALIFORNIA CLASS;

14    (b)    A Class Action is superior to any other available method for the fair

15    and efficient adjudication of the claims of the members of the

16    CALIFORNIA CLASS because in the context of employment litigation

17    a substantial number of individual CALIFORNIA CLASS Members

18    will avoid asserting their rights individually out of fear of retaliation or

19    adverse impact on their employment;

20    (c)    The members of the CALIFORNIA CLASS are so numerous that it is

21    impractical to bring all members of the CALIFORNIA CLASS before

22    the Court;

23    (d)    PLAINTIFF, and the other CALIFORNIA CLASS Members, will not

24    be able to obtain effective and economic legal redress unless the action

25    is maintained as a Class Action;

26    (e)    There is a community of interest in obtaining appropriate legal and

27    equitable relief for the acts of unfair competition, statutory violations

28    and other improprieties, and in obtaining adequate compensation for

12

1                the damages and injuries which DEFENDANT's actions have inflicted

2                upon the CALIFORNIA CLASS;

3     (f)    There is a community of interest in ensuring that the combined assets of

4                DEFENDANT are sufficient to adequately compensate the members of

5                the CALIFORNIA CLASS for the injuries sustained;

6     (g)   DEFENDANT has acted or refused to act on grounds generally

7                applicable to the CALIFORNIA CLASS, thereby making final class-

8                wide relief appropriate with respect to the CALIFORNIA CLASS as a

9                whole;

10    (h)   The members of the CALIFORNIA CLASS are readily ascertainable

11               from the business records of DEFENDANT; and,

12    (i)    Class treatment provides manageable judicial treatment calculated to

13               bring a efficient and rapid conclusion to all litigation of all wage and

14               hour related claims arising out of the conduct of DEFENDANT as to

15               the members of the CALIFORNIA CLASS.

16   26.    DEFENDANT maintains records from which the Court can ascertain and

17 identify by job title each of DEFENDANT's employees who have been intentionally

18 subjected to DEFENDANT's company policy, practices and procedures as herein alleged.

19 PLAINTIFF will seek leave to amend the Complaint to include any additional job titles of

20 similarly situated employees when they have been identified.

21

22               **THE CALIFORNIA LABOR SUB-CLASS**

23   27.    PLAINTIFF further brings the Second, Third, Fourth, and Fifth causes Action

24 on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS

25 who are or previously were employed by DEFENDANT in California, including any

26 employees staffed with DEFENDANT by a third party, and classified as non-exempt

27 employees (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period

28 beginning August 22, 2021 and ending on the date as determined by the Court  (the

1    "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Fed R. Civ. Proc. 23(b)(2)

2    and/or (3).

3          28.    DEFENDANT, in violation of the applicable Labor Code, Industrial Welfare

4    Commission ("IWC") Wage Order requirements, and the applicable provisions of California

5    law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT

6    failed to correctly calculate compensation for the time worked by PLAINTIFF and the other

7    members of the CALIFORNIA LABOR SUB-CLASS and reporting time wages owed to

8    these employees, even though DEFENDANT enjoyed the benefit of this work, required

9    employees to perform this work and permitted or suffered to permit this work.

10   DEFENDANT has denied these CALIFORNIA LABOR SUB-CLASS Members wages to

11   which these employees are entitled in order to unfairly cheat the competition and unlawfully

12   profit.  To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR

13   SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD

14   should be adjusted accordingly.

15         29.    DEFENDANT maintains records from which the Court can ascertain and

16   identify by name and job title, each of DEFENDANT's employees who have been

17   intentionally subjected to DEFENDANT's company policy, practices and procedures as

18   herein alleged.  PLAINTIFF will seek leave to amend the complaint to include any

19   additional job titles of similarly situated employees when they have been identified.

20         30.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all

21   CALIFORNIA LABOR SUB-CLASS Members is impracticable.

22         31.    Common questions of law and fact exist as to members of the CALIFORNIA

23   LABOR SUB-CLASS, including, but not limited, to the following:

24             (a)    Whether DEFENDANT unlawfully failed to correctly calculate and pay

25                  compensation due to members of the CALIFORNIA LABOR SUB-

26                  CLASS in violation of the California Labor Code and California

27                  regulations and the applicable California Wage Order;

28

FIRST AMENDED CLASS ACTION COMPLAINT

1           (b)    Whether DEFENDANT failed to provide the PLAINTIFF and the other

2                 members of the CALIFORNIA LABOR SUB-CLASS with accurate

3                 itemized wage statements;

4           (c)    Whether DEFENDANT has engaged in unfair competition by the

5                 above-listed conduct;

6           (d)    The proper measure of damages and penalties owed to the members of

7                 the CALIFORNIA LABOR SUB-CLASS; and,

8           (e)    Whether DEFENDANT's conduct was willful.

9      32.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-

10  CLASS under California law by:

11           (a)    Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1, by failing to

12                accurately pay PLAINTIFF and the members of the CALIFORNIA

13                LABOR SUB-CLASS the correct minimum wage pay for which

14                DEFENDANT is liable pursuant to Cal. Lab. Code §§ 1194 and 1197;

15           (b)    Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and

16                the members of the CALIFORNIA LABOR SUB-CLASS with an

17                accurate itemized statement in writing showing the corresponding

18                correct amount of wages earned by the employee;

19           (c)    Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that

20                when an employee is discharged or quits from employment, the

21                employer must pay the employee all wages due without abatement, by

22                failing to tender full payment and/or restitution of wages owed or in the

23                manner required by California law to the members of the

24                CALIFORNIA LABOR SUB-CLASS who have terminated their

25                employment; and,

26           (d)    Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF

27                and the CALIFORNIA LABOR SUB-CLASS members with necessary

28                expenses incurred in the discharge of their job duties.

FIRST AMENDED CLASS ACTION COMPLAINT

33.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action pursuant to Fed R. Civ. Proc. 23(b)(2) and/or (3), in that:

    (a)    The persons who comprise the CALIFORNIA LABOR SUB-CLASS are so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

    (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA LABOR SUB-CLASS and will apply to every member of the CALIFORNIA LABOR SUB-CLASS;

    (c)    The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF, like all the other members of the CALIFORNIA LABOR SUB-CLASS, were non-exempt employees paid on an hourly basis who were subjected to the DEFENDANT's practice and policy which failed to pay the correct amount of wages due to the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS were and are similarly or identically harmed by the same unlawful, deceptive, and unfair misconduct engaged in by DEFENDANT; and,

    (d)    The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUB-CLASS, and have retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUB-CLASS

16

1    will vigorously assert the claims of all CALIFORNIA LABOR SUB-

2    CLASS Members.

3    34.    In addition to meeting the statutory prerequisites to a Class Action, this action

4    is properly maintained as a Class Action pursuant to Fed R. Civ. Proc. 23(b)(2) and/or (3), in

5    that:

6    (a)    Without class certification and determination of declaratory, injunctive,

7    statutory and other legal questions within the class format, prosecution

8    of separate actions by individual members of the CALIFORNIA

9    LABOR SUB-CLASS will create the risk of:

10    1)    Inconsistent or varying adjudications with respect to individual

11    members of the CALIFORNIA LABOR SUB-CLASS which

12    would establish incompatible standards of conduct for the

13    parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

14    2)    Adjudication with respect to individual members of the

15    CALIFORNIA LABOR SUB-CLASS which would as a

16    practical matter be dispositive of interests of the other members

17    not party to the adjudication or substantially impair or impede

18    their ability to protect their interests.

19    (b)    The parties opposing the CALIFORNIA LABOR SUB-CLASS have

20    acted or refused to act on grounds generally applicable to the

21    CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide

22    relief with respect to the CALIFORNIA LABOR SUB-CLASS as a

23    whole in that DEFENDANT fails to pay all wages due. Including the

24    correct wages for all time worked by the members of the

25    CALIFORNIA LABOR SUB-CLASS as required by law;

26    (c)    Common questions of law and fact predominate as to the members of

27    the CALIFORNIA LABOR SUB-CLASS, with respect to the practices

28    and violations of California Law as listed above, and predominate over

17

any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)     The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)     Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

    A.     Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

    B.     Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)     In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class

18

Action is the only means to assert their claims through a representative; and,

4) A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Fed R. Civ. Proc. 23(b)(2) and/or (3).

35. This Court should permit this action to be maintained as a Class Action pursuant to Fed. Civ. Proc. 23(b)(2) and/or (3) because:

(a) The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members;

(b) A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c) The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

(d) PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e) There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations

19

1  and other improprieties, and in obtaining adequate compensation for

2  the damages and injuries which DEFENDANT's actions have inflicted

3  upon the CALIFORNIA LABOR SUB-CLASS;

4  (f)  There is a community of interest in ensuring that the combined assets of

5  DEFENDANT are sufficient to adequately compensate the members of

6  the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

7  (g)  DEFENDANT has acted or refused to act on grounds generally

8  applicable to the CALIFORNIA LABOR SUB-CLASS, thereby

9  making final class-wide relief appropriate with respect to the

10  CALIFORNIA LABOR SUB-CLASS as a whole;

11  (h)  The members of the CALIFORNIA LABOR SUB-CLASS are readily

12  ascertainable from the business records of DEFENDANT.  The

13  CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA

14  CLASS Members who worked for DEFENDANT in California at any

15  time during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

16  (i)  Class treatment provides manageable judicial treatment calculated to

17  bring a efficient and rapid conclusion to all litigation of all wage and

18  hour related claims arising out of the conduct of DEFENDANT as to

19  the members of the CALIFORNIA LABOR SUB-CLASS.

20

21  **FIRST CAUSE OF ACTION**

22  **For Unlawful Business Practices**

23  **[Cal. Bus. And Prof. Code §§ 17200]**

24  **(By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)**

25  36.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege

26  and incorporate by this reference, as though fully set forth herein, the prior paragraphs of

27  this Complaint.

28

37.    DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

38.    California Business & Professions Code §§ 17200, (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203.

39.    By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to, the applicable Industrial Wage Order(s), the California Code of Regulations and the California Labor Code including Sections 221, 1194, 1197, 1197.1, 1198, 2802 and the Fair Labor Standards Act and federal regulations promulgated thereunder, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

40.    By the conduct alleged herein, DEFENDANT's practices were unlawful and unfair in that these practices violate public policy, were immoral, unethical, oppressive, unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

41.    By the conduct alleged herein, DEFENDANT's practices were deceptive and fraudulent in that DEFENDANT's policy and practice failed to timely pay wages, and failed

1  to reimburse all necessary business expenses incurred due to a business practice that cannot

2  be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission

3  requirements in violation of Cal. Bus. Code §§ 17200, and for which this Court should issue

4  injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including

5  restitution of wages wrongfully withheld.

6       42.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,

7  unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and

8  the other members of the CALIFORNIA CLASS to be underpaid during their employment

9  with DEFENDANT.

10      43.    By and through the unlawful and unfair business practices described herein,

11 DEFENDANT has obtained valuable property, money and services from PLAINTIFF and

12 the other members of the CALIFORNIA CLASS, including earned wages for all time

13 worked, and has deprived them of valuable rights and benefits guaranteed by law and

14 contract, all to the detriment of these employees and to the benefit of DEFENDANT so as to

15 allow DEFENDANT to unfairly compete against competitors who comply with the law.

16      44.    All the acts described herein as violations of, among other things, the

17 Industrial Welfare Commission Wage Orders, the California Code of Regulations, and the

18 California Labor Code, were unlawful and in violation of public policy, were immoral,

19 unethical, oppressive and unscrupulous, were deceptive, and thereby constitute unlawful,

20 unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200.

21      45.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled

22 to, and do, seek such relief as may be necessary to restore to them the money and property

23 which DEFENDANT has acquired, or of which PLAINTIFF and the other members of the

24 CALIFORNIA CLASS have been deprived, by means of the above described unlawful and

25 unfair business practices, including earned but unpaid wages for all time worked.

26      46.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further

27 entitled to, and do, seek a declaration that the described business practices are unlawful,

28

1    unfair and deceptive, and that injunctive relief should be issued restraining DEFENDANT

2    from engaging in any unlawful and unfair business practices in the future.

3         47.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no

4    plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business

5    practices of DEFENDANT.  Further, the practices herein alleged presently continue to occur

6    unabated.  As a result of the unlawful and unfair business practices described herein,

7    PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will

8    continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained

9    from continuing to engage in these unlawful and unfair business practices.

10

11                    **SECOND CAUSE OF ACTION**

12                 **For Failure To Pay Minimum Wages**

13              **[Cal. Lab. Code §§ 1194, 1197 and 1197.1]**

14          **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS**

15                  **and Against All Defendants)**

16         48.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

17    CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

18    paragraphs of this Complaint.

19         49.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

20    CLASS bring a claim for DEFENDANT's willful and intentional violations of the

21    California Labor Code and the Industrial Welfare Commission requirements for

22    DEFENDANT's failure to accurately calculate and pay minimum wages to PLAINTIFF and

23    CALIFORNIA CLASS Members.

24         50.    Cal. Lab. Code  § 1197 provides the minimum wage for employees fixed by

25    the commission is the minimum wage to be paid to employees, and the payment of a less

26    wage than the minimum so fixed in unlawful.

27

28

                                23

51.     Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage compensation and interest thereon, together with the costs of suit.

52.     DEFENDANT maintained a wage practice of paying PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of time they work.  As set forth herein, DEFENDANT's policy and practice was to unlawfully and intentionally deny timely payment of wages due to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.

53.     DEFENDANT's unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a policy and practice that denies accurate compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS in regards to minimum wage pay.

54.     In committing these violations of the California Labor Code, DEFENDANT inaccurately calculated the correct time worked and consequently underpaid the actual time worked by PLAINTIFF and other members of the CALIFORNIA  LABOR SUB-CLASS. DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

55.     As a direct result of DEFENDANT's unlawful wage practices as alleged herein, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive the correct minimum wage compensation for their time worked for DEFENDANT.

56.     During the CALIFORNIA LABOR SUB-CLASS PERIOD, DEFENDANT required, permitted or suffered PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members to work without paying them for all the time they were under DEFENDANT's control.  During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the

other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that they were entitled to, constituting a failure to pay all earned wages.

57.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true time they worked, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

58.    DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were under compensated for their time worked.  DEFENDANT elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of company policy, practice and procedure, and DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wages for their time worked.

59.    In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time worked and provide them with the requisite compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

60.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes.  To the extent minimum wage compensation is determined to be owed to the CALIFORNIA

LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith.  Further, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

**THIRD CAUSE OF ACTION**

**For Failure to Provide Accurate Itemized Statements**

**[Cal. Lab. Code § 226]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

61.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

62.    Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

(1) gross wages earned,
(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,
(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,
(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,
(5) net wages earned,
(6) the inclusive dates of the period for which the employee is paid,
(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,
(8) the name and address of the legal entity that is the employer, and
(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

63.     From time to time, DEFENDANT also failed to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with complete and accurate wage statements which failed to show, among other things, the correct gross and net wages earned.  Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate.  PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members were paid on an hourly basis.  As such, the wage statements should reflect all applicable hourly rates during the pay period and the total hours worked, and the applicable pay period in which the wages were earned pursuant to California Labor Code Section 226(a).  The wage statements DEFENDANT provided to PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members failed to identify such information. More specifically, the wage statements failed to identify the accurate total hours worked each pay period.  When the hours shown on the wage statements were added up, they did not equal the actual total hours worked during the pay period in violation of Cal. Lab. Code 226(a)(2).  Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226. As a result, DEFENDANT from time to time provided PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with wage statements which violated Cal. Lab. Code § 226.

64.     DEFENDANT knowingly and intentionally failed to comply with Cal. Lab. Code § 226, causing injury and damages to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.  These damages include, but are not limited to, costs expended calculating the correct wages for all missed meal and rest breaks and the amount of employment taxes which were not properly paid to state and federal tax authorities. These damages are difficult to estimate.  Therefore, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred

1    dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal. Lab. Code §

2    226, in an amount according to proof at the time of trial (but in no event more than four

3    thousand dollars ($4,000.00) for PLAINTIFF and each respective member of the

4    CALIFORNIA LABOR SUB-CLASS herein).

5

6                            **FOURTH CAUSE OF ACTION**

7              **For Failure to Reimburse Employees for Required Expenses**

8                            **[Cal. Lab. Code § 2802]**

9    **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

10                                   **Defendants)**

11         65.    PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members

12   reallege and incorporate by this reference, as though fully set forth herein, the prior

13   paragraphs of this Complaint.

14         66.    Cal. Lab. Code § 2802 provides, in relevant part, that:

15         An employer shall indemnify his or her employee for all necessary
           expenditures or losses incurred by the employee in direct consequence of the
16         discharge of his or her duties, or of his or her obedience to the directions of
           the employer, even though unlawful, unless the employee, at the time of
17         obeying the directions, believed them to be unlawful.

18         67.    At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802,

19   by failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-

20   CLASS members for required expenses incurred in the discharge of their job duties for

21   DEFENDANT's benefit.  DEFENDANT failed to reimburse PLAINTIFF and the

22   CALIFORNIA LABOR SUB-CLASS members for expenses which included, but were not

23   limited to, costs related to using their personal cellular phones on behalf of and for the

24   benefit of DEFENDANT.  Specifically, PLAINTIFF and other CALIFORNIA LABOR

25   SUB-CLASS Members were required by DEFENDANT to use their personal cellular

26   phones and home offices in order to perform work related job tasks.  DEFENDANT's policy

27   and practice was to not reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-

28

CLASS members for expenses resulting from using their personal cellular phones and home offices for DEFENDANT within the course and scope of their employment for DEFENDANT.  These expenses were necessary to complete their principal job duties. DEFENDANT is estopped  by DEFENDANT's conduct to assert any waiver of this expectation.  Although these expenses were necessary expenses incurred by PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members, DEFENDANT failed to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for these expenses as an employer is required to do under the laws and regulations of California.

68.     PLAINTIFF therefore demands reimbursement for expenditures or losses incurred by herself and the CALIFORNIA LABOR SUB-CLASS members in the discharge of their  job duties for DEFENDANT, or their obedience to the directions of DEFENDANT, with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

## **FIFTH CAUSE OF ACTION**

### **For Failure to Pay Wages When Due**

### **[ Cal. Lab. Code §§ 201, 202, 203]**

### **(By PLAINTIFF, and the CALIFORNIA LABOR SUB-CLASS**

### **and Against All Defendants)**

69.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

70.     Cal. Lab. Code § 200 provides, in relevant part, that:
As used in this article:
(a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation.
(b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

FIRST AMENDED CLASS ACTION COMPLAINT

71.    Cal. Lab. Code § 201 provides, in relevant part, "that If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

72.    Cal. Lab. Code § 202 provides, in relevant part, that:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

73.    There was no definite term in PLAINTIFF's or any CALIFORNIA LABOR SUB-CLASS Members' employment contract.

74.    Cal. Lab. Code § 203 provides, in relevant part, that:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

75.    The employment of PLAINTIFF, and many CALIFORNIA LABOR SUB-CLASS Members has terminated and DEFENDANT has not tendered payment of all wages owed as required by law. Additionally, at all times during the term of PLAINTIFF's employment with DEFENDANT, PLAINTIFF, and CALIFORNIA LABOR SUB-CLASS Members earned and accrued vested vacation and holiday time on the date of their termination pursuant to DEFENDANT's uniform vacation policies and applicable California law. The amount of vacation pay PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS Members earned and accumulated is evidenced by DEFENDANT's business records. Additionally, DEFENDANT also underpaid accrued vested vacation wages to PLAINTIFF, and other CALIFORNIA LABOR SUB-CLASS MEMBERS by failing to pay such wages at the regular rate of pay and more specifically the final rate of pay that included all non-discretionary incentive compensation. Rather than pay vacation wages at the regular

30

rate of pay, DEFENDANT underpaid vacation wages to PLAINTIFF and other

CALIFORNIA LABOR SUB-CLASS Members at their base rates of pay, instead of

including all of PLAINTIFF's, and CALIFORNIA LABOR SUB-CLASS Members'

non-discretionary incentive compensation into the vacation wage payment calculations.

DEFENDANT failed to specify in DEFENDANT's written vacation policy the rate at which

PLAINTIFF, and other CALIFORNIA LABOR CLASS Members would be paid vacation

upon leaving employment with DEFENDANT. As a result of DEFENDANT's unlawful

practice, policy and procedure to deny paying PLAINTIFF, and the other members of the

CALIFORNIA LABOR SUB-CLASS  all of their vested vacation and holiday time,

DEFENDANT failed to pay PLAINTIFF, and the members of the CALIFORNIA LABOR

SUB-CLASS all vested vacation time as wages due upon employment termination, in

violation of the California Labor Code, Sections 201, 202, 203 and 227.3. Similarly,

DEFENDANT underpaid waiting time penalties to PLAINTIFF, and other CALIFORNIA

LABOR SUB-CLASS Members at their base rates of pay, instead of including all of

PLAINTIFF's, and the CALIFORNIA LABOR SUB-CLASS  Members' non-discretionary

compensation into the waiting time penalty calculations. This failure by DEFENDANT is

believed to be the result of DEFENDANT's unlawful, unfair and deceptive refusal to

provide compensation for earned, accrued and vested vacation and holiday time, as well as

the corresponding waiting time penalties that were paid. DEFENDANT perpetrated this

unlawful, unfair and deceptive practice to the detriment of PLAINTIFF, and the members of

the CALIFORNIA LABOR SUB-CLASS. DEFENDANT's uniform practice and policy of

failing to pay the LABOR SUB-CLASS Members for all vested vacation and holiday time

accumulated at employment termination violated and continues to violate Section 227.3 of

the California Labor Code.

76.     Therefore, as provided by Cal Lab. Code § 203, on behalf of PLAINTIFF and

members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated

and who have not been fully paid their wages due to them, PLAINTIFF demands thirty days

of pay as penalty for not paying all wages due at time of termination for all employees who

terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD and demand an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF pray for judgment against each Defendant, jointly and severally, as follows:

1. On behalf of the CALIFORNIA CLASS:

    A) That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Fed R. Civ. Proc. 23(b)(2) and/or (3);

    B) An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

    C) An order requiring DEFENDANT to pay all wages and all sums unlawfully withheld from compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS; and,

    D) Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFF and to the other members of the CALIFORNIA CLASS.

2. On behalf of the CALIFORNIA LABOR SUB-CLASS:

    A) That the Court certify the Second, Third, Fourth, and Fifth Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Fed R. Civ. Proc. 23(b)(2) and/or (3);

    B) Compensatory damages, according to proof at trial, including compensatory damages for minimum and overtime compensation due PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

C) The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226;

D) For liquidated damages pursuant to California Labor Code Sections 1194.2 and 1197;

E) The amount of the expenses PLAINTIFF and each member of the CALIFORNIA LABOR SUBCLASS incurred in the course of their job duties, plus interest, and costs of suit.; and,

F) The wages of all terminated employees in the CALIFORNIA LABOR SUB-CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, in accordance with Cal. Lab. Code § 203.

3. On all claims:

A) An award of interest, including prejudgment interest at the legal rate;

B) Such other and further relief as the Court deems just and equitable; and,

C) An award of penalties, attorneys' fees and cost of suit, as allowable under the law, including, but not limited to, pursuant to Labor Code §221, §226, §1194, and/or §2802.

Dated: May 7, 2025        BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

By:    _/s/ Nicholas J. De Blouw_
       Norman B. Blumenthal
       Nicholas J. De Blouw

       *Attorneys for Plaintiff*

FIRST AMENDED CLASS ACTION COMPLAINT

1

## **DEMAND FOR A JURY TRIAL**

2    PLAINTIFF demands a jury trial on issues triable to a jury.

3

4    Dated: May 7, 2025              BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

5

6                                   By:   */s/ Nicholas J. De Blouw*
                                          Norman B. Blumenthal
7                                         Nicholas J. De Blouw

8                                         *Attorneys for Plaintiff*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE [F.R.C.P. §5]

I am a citizen of the United States and a resident of the State of California.  I am employed in the County of San Diego, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 2255 Calle Clara, La Jolla, California 92037.

On May 7, 2025, I served the document(s) described as below in the manner set forth below:

**1.  FIRST AMENDED CLASS ACTION COMPLAINT**

__XX__ (BY ELECTRONIC SERVICE): I caused the listed documents to be electronically filed through the CM/ECF system at the United States District Court for the Southern District of California which generates a Notice of Electronic Filing to all parties and constitutes service of the electronically filed documents on all parties for purposes of the Federal Rules of Civil Procedure.

__XX__ (Federal): I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that the foregoing is true and correct under penalty of perjury.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on May 7, 2025, at San Diego, California.

 */s/ Christine T. LeVu*
Christine T. LeVu